## SURETY WITH "INTEREST IN CONTROVERSY ADVERSE TO PLAINTIFF."

### Circuit Court of Cuyahoga County.

### THE GENERAL CONSTRUCTION CO. v. VILLAGE OF LAKEWOOD.

#### Decided, January 17, 1910.

*Suit Against Surety—Principal May be Let In to Defend—May Set up Counter-Claim—May Litigate Same Notwithstanding Plaintiff Dismisses Petition—Contract Attached to Pleading Can Not be Considered on Demurrer.*

1. Because a judgment against a surety binds the principal having notice of the pending action, and payment thereof by the former may be recouped from the latter, in a suit against the surety alone, the principal has "an inferest in the controversy adverse to the plaintiff," and may therefore become a party defendant.

2. Having so become a party defendant, the principal's answer may contain not only a denial or other strictly defensive matter, but a counter-claim against the plaintiff, and the plaintiff can not thereafter, by dismissing his action, prevent the principal from litigating its counter-claim.

3. When a contract attached to a pleading is not made a part of it, it can not, on demurrer, be looked to as varying the allegations with respect to the contract set up in the pleading proper.

*Thompson & Hine,* for plaintiff in error.
*E. H. J. Hobday* and *Stearns, Chamberlain & Royan,* contra.

HENRY, J.; WINCH, J., concurs; MARVIN, J., not sitting.

By this proceeding in error the General Construction Company seeks a reversal of the judgment of the court of common pleas dismissing its answer and cross-petition.

The action below was commenced by the village of Lakewood against Thomas H. Garland & Sons and the Fidelity & Deposit Company to recover upon a contractor's bond. Thomas H. Garland & Sons were the original contractors, but with the acquiescence of all parties their contract had been assigned to and assumed by the General Construction Company, plaintiff in error here. The latter was not made a party to the original action,

although the petition discloses its interest in the controversy. This practice accords with the provision of Section 5009, Revised Statutes of Ohio, that: "One or more of the persons severally liable on an instrument may be included in the same action thereon."

Afterwards the General Construction Company, of its own motion, intervened by leave of court, and becoming a new party defendant filed its answer and cross-petition, wherein it prayed for affirmative relief in damages against the village of Lakewood for alleged breach of the same contract. This practice is authorized by Section 5006, Revised Statutes, which provides that:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

It is elementary that a judgment against a surety binds the principal having notice of the pending action, and payment thereof by the former may be recouped from the latter. So that in a suit against the surety alone the principal clearly has "an interest in the controversy adverse to the plaintiff," and may therefore become a party defendant.

Having once become a defendant the principal's answer, under favor of Section 5066, may not only contain a denial or other strictly defensive matter, but also may plead such counter-claim as "a cause of action existing in favor of a defendant and against a plaintiff or another defendant, or both, between whom a several judgment might be had in the action and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action." The principles of set-off are also applicable to this situation, so that, as held in *Wagner* v. *Stocking et al*, 22 Ohio St., 297, "in an action on a joint debt against principal and surety a demand due from the plaintiff to the principal, under the provisions of the code, may be set off against the claim of the plaintiff."

In the case before us, however, when it appeared upon the trial that the plaintiff must fail in its action to recover on the

contractor's bond, the General Construction Company's answer
and cross-petition was, on motion of the plaintiff, without op-
portunity being given to it to introduce testimony in support of
its counter-claims, dismissed, and this ruling is the error com-
plained of here.

On the other hand it is claimed that the General Construction
Company, if it had any right whatever to intervene and become
a defendant in the case, clearly had no right to remain in it
for any purpose after its occasion for defending against the re-
covery of a judgment against its surety had ceased.   That there
are some limitations to the right to make additional defendants
in cases of this sort appears from *Wilkins* v. *Ohio National Bank,*
31 Ohio St., 565, the syllabus of which is:

''Where the holder of a joint and several obligation elects
to sue one of the obligors who is only a surety thereon, it is not
competent for the defendant by cross-petition or otherwise, to
bring in his principal for the purpose of having the relation of
principal and surety certified under Section 449, of the code,
although the holder knew that such relation existed.''

So also in *Hillier et al* v. *Stewart et al,* 26 Ohio St., 652, it
was held that:

''In an action on a promissory note by the holder against the
maker it is irregular and improper for the court to let in a new
party on his own motion and that against the objection of the
plaintiff, with leave to file an answer and cross-petition to con-
test the *bona fides* of the plaintiff's title to the note and to assert
therein an equity of the cross-petitioner derived through the
plaintiff's assignor, who is also a necessary party to the deter-
mination of the case made in the cross-petition.   Such relief
should be sought by an original petition.''

It is very evident from the former of these cases that the
right of the plaintiff under Section 5009 to pursue the surety
alone if he so elects, can not be impaired by permitting the
latter, under Section 5006, to bring in his principal in order to
have their mutual rights and obligations determined.

From the second of these authorities it is manifest also that no
one can intervene in an action for the mere purpose of asserting
an affirmative cause of action against the plaintiff.   In either

of these cases the relief sought must be by an independent action. But neither of these cases goes so far as to hold that where an intervenor must interpose his defense to the plaintiff's claim in the pending action or else run the risk of having an ultimate liability irrevocably fixed upon him, he is nevertheless denied the right to become a party defendant upon his own motion. Neither do they hold that when he has properly become a party defendant his rights are any less than those of a defendant who was made such originally by the plaintiff himself.

We therefore hold that the General Construction Company was properly allowed to become a party to the action below and that its answer and cross-petition was, unless demurrable, improperly dismissed. It is said, however, that it fails to state facts sufficient to constitute a cause of action. The argument in support of this contention necessarily takes account of the terms of the written contract between the parties which is attached as an exhibit to the petition, and which the General Construction Company's answer admits to be so attached. The contract is not however made a part of either pleading, by reference or otherwise. We can not, therefore, take it into account in passing upon this question.

As the contract is pleaded in the answer and cross-petition in substance, and in accordance with the pleader's interpretation thereof, it affords no basis for the construction for which counsel for the village of Lakewood have argued. Upon its face the answer and cross-petition is not demurrable.

A further objection to the entertaining of the petition in error here is based upon the proposition that some parties to the record in the court of common pleas are not made parties to this proceeding in error.

But in *Roberts* v. *Roberts*, 61 Ohio St., 96, it is held upon a state of the record like that which we have here that:

"In such petition in error it is sufficient if all the parties in interest in the judgment sought to be reversed are made parties. When nothing is claimed for or against a party in the pleadings, and nothing is adjudged for or against him in the judgment, it is not error to omit such party from proceedings in error."

It is also objected that there is no bill of exceptions here and that the error complained of is not reviewable without the evidence. We have, it is true, repeatedly held that a bill of exceptions exhibiting all the evidence is necessary to enable us to review the correctness of a ruling or rulings by the trial court directing a verdict or judgment for the defendant at the close of the plaintiff's evidence. The case here is very different. The transcript shows that the answer and cross-petition of the plaintiff in error was dismissed without any opportunity being given to introduce evidence in support of it. No conceivable state of the evidence that had already been offered in behalf of the village of Lakewood could authorize the court to direct a judgment in its favor upon the answer and cross-petition of the General Construction Company before the latter had had a chance to maintain its claim by its introduction of evidence, hence no resort to the evidence in this case is necessary, and no bill of exceptions is required to exhibit the error complained of.

For error in dismissing the answer and cross-petition of the plaintiff in error the judgment is reversed and the cause remanded.